GEORGE W. McCLURE *et al.*, plaintiffs in error, *vs.* JAMES M. SMITH, governor, defendant in error.

1. When the contents of pleadings are recited in the bill of exceptions differently from what they actually are in the pleadings themselves, as copied out at full length in the record, such recitals will be disregarded, and the record will be deemed correct.

2. The sheriff, after making an arrest under a bench warrant for misdemeanor, having taken bail, approved the bond, and discharged the prisoner, has no power subsequently, although he has not returned the bond to the clerk's office, to stipulate with the sureties, for their protection, to add other sureties to the bond; and his failure to comply with such an undertaking is no bar to a judgment of forfeiture in behalf of the state.

Practice in the Superior Court. Bill of exceptions. Criminal law. Bond. Bail. Sheriff. Before Judge KNIGHT. Union Superior Court. May Term, 1875.

Reported in the opinion.

THOMAS F. GREER, for plaintiffs in error.

C. D. PHILLIPS, solicitor general, for the state.

BLECKLEY, Judge.

1. The complaint is that a plea was stricken. The contents of the plea are misrecited in the bill of exceptions, and it was upon the misrecitals that counsel for plaintiffs in error seemed to rely, chiefly, in his argument before this court. The sole authority to which he referred was 6 *Georgia Reports,* 202, which relates to incomplete bonds, or bonds not finally and unconditionally delivered. That authority might be pertinent if the plea in the present case was what the bill of exceptions represents it to be; but it is not. The plea, as set out at full length in the transcript of the record, ought to govern and will govern, and it alone will be looked to. The copy there found is to be deemed complete and correct. It is not the office of the bill of exceptions to give either a copy or a summary of the pleadings, and when it professes to do either, it is subject to be checked, or even wholly contradicted, by the record: 44 *Georgia Reports,* 620.

2. The bond shows on its face that an arrest had been made under a bench warrant for the offense of adultery, and that the obligation of the bail (plaintiffs in error) was that their principal should appear at the court and not depart without leave of the court. On *scire facias* brought to en-

McClure *et al. vs.* Smith.

force the bond, they pleaded, not that it was incomplete, or that it had never been delivered, or that it was not their act or deed, or that the condition had been performed, but that they signed it with the understanding that it was to be void if the principal appeared next day; that he did so appear and desired them not *to lift* the bond but to continue to stand, promising that he would get other signatures to it; that they agreed the bond might remain theirs provided this promise were complied with; that the sheriff, who then had the bond in his possession, said he had authority to sign the names of other good sureties, (specifying them) and would do so, and that plaintiffs in error might go home and all should be right; and that, relying upon these promises, and fully believing that the sheriff would see them complied with before returning the bond into court, they, the plaintiffs in error, agreed that the bond might remain theirs. This is the substance of the plea, which, on motion of the state's counsel, was stricken as not presenting any legal defense in behalf of the bail.

The sheriff was competent to take the bond and admit his prisoner to bail: Code, section 4727. He had authority to approve the sureties, and the bond shows on its face that he did approve them. It is plainly inferable from the plea that this bond was made complete in every particular, and that the prisoner was discharged under it and appeared under it on the next day. The law gives the sheriff no power over such a bond after he has taken and approved it, and after he has discharged the prisoner in consequence thereof, except to return it to the court or into the clerk's office. He was no longer the agent of the state for any other purpose. The bail could not extinguish or modify their liability except by surrendering their principal, and this they neither did nor attempted. They chose to retain him in their friendly custody. Instead of performing the stipulations of their written contract, they trusted to their principal and to the sheriff to add new parties. In this undertaking the sheriff acted outside of his official functions; and if he became the agent of any body, it was of

the plaintiffs in error themselves. They trusted him, and if he has injured them by proving unfaithful, they must look to him for redress. For myself, I am confident that so far from the public being bound by the sheriff's promise to strengthen the bond, it would have been a clear violation of his official duty to have suffered any change made in the bond or in the parties. It was the state's document and not his. After it once became complete as a contract, he had no right to tamper with it.

The judge below was right in striking the plea, and his judgment is affirmed.