THE CONTINENTAL NATIONAL BANK OF NEW YORK *vs.* FOLSOM.

1. Under §2781 of the Code, to bind an indorser on bankable paper, the notice to him must show not only demand and refusal to pay, but also the protest of the note for non-payment.

2. Whether a failure on the part of the presiding judge to make his charge more explicit was error or not, would depend on its legality as given.

3. Although the court was requested to deliver a written charge, yet where counsel verbally called attention to an ambiguity and asked its correction, and thereupon the court asked them whether a verbal explanation would do, or whether a written correction should be made, and they assented to an oral explanation, that it was so given is no ground for a new trial.

4. Where several pleas are filed by a defendant, a verdict in his favor should show on which plea it is rendered; and upon objection to a general verdict for the defendant, the jury will be required to retire and amend their verdict so as to show this. But if a general verdict for the defendant be returned, received and recorded without objection, it will not be a ground for new trial that it fails to specify on which plea it rests.

5. The verdict is supported by the evidence.

. Promissory Notes. Indorsement. Notice. Practice in Supreme Court. Charge of Court. Verdict Before Judge HILLYER. Fulton Superior Court. April Term, 1881.

Reported in the decision.

MYNATT & HOWELL, for plaintiff in error.

E. N. BROYLES; R. ARNOLD; F. A. ARNOLD, for defendant.

CRAWFORD, Justice.

1. The Continental National Bank of New York sued Hape as maker and L. B. Folsom as indorser, upon a promissory note payable at the City Bank of Atlanta. Folsom, among other pleas, filed one setting up want of notice of non-payment and protest, as required by law. The evidence being in, the judge charged the jury, among other things, that if a demand for payment was made at the bank, and the same refused, and that thereupon the note was duly protested for non-payment, and notice given the indorser, as required by law, of the demand, refusal and protest for such non-payment, then the indorser would be liable ; but that without such proof he would not be liable. The principle herein charged is alleged as error, in that the judge held that to charge an indorser, not only notice of demand, refusal and non-payment must be shown, but that of protest as well. We confess that it is hard to bring our minds to the conclusion that to bind an indorser on bankable paper, due notice of the demand, refusal and non-payment of the note would be insufficient, for this is the almost universal rule. But the Code of Georgia, §2781, provides as to bills and notes negotiable at any chartered bank, when not paid at maturity, "that notice of non-payment, and of the protest of the same for non-payment, must be given the indorser, or he will not be held liable thereon." Even this was not entirely conclusive that such was the proper construction of the section until traced to its source, which was found in a decision pronounced by Chief Justice Lumpkin, in the case of *Field vs. Thornton*, 1 *Ga.*, 311. In that case the question was whether due notice of the non-payment, when given, did not also include

notice of demand and refusal.    After holding that it might be fairly included in such notice, the judge then says : " But if the notice came actually short of this, and only informed Thornton of the fact that the bill had not been paid at maturity, and had been protested on that account, that was enough," etc.

This *dictum*, even of that eminent judge, would not of itself be sufficient to require us to hold that due notice of non-payment was not equivalent to notice of dishonor; but when word for word it was incorporated into the Code and made to have the effect of statute law, we are bound to its enforcement.

The charge of the court below was therefore right, wherein he instructed the jury that the notice to indorser to be good under the law, must express not only notice of demand and refusal, but of the protest of the note for non-payment also.

This case is not covered by that of *National Exchange Bank vs. Kimball*, decided at the last term.    In that case it was held that waiver of demand and notice was in effect waiver of demand, refusal and protest.

2. It is alleged that the court erred, when at the request of counsel he refused to correct and make more explicit a portion of his written charge at the time of its delivery to the jury.    Whether the failure of the judge to be more explicit in his charge to the jury is error or not, depends entirely upon its legality as given.    The presumption would be, if he declined to change it, that he was satisfied with it as given, and this without reference to the time when the request was made.

3. In this case it was made more explicit at a subsequent stage of the proceedings, and gave rise to another assignment of error, which was that the charge having been requested in writing, and so given, and that afterwards being repeated upon the request of the jury, counsel again called the attention of the court to its ambiguity, when he was asked in the hearing of the jury if the court should

charge them orally. Counsel replied that he might. The error complained of was in asking counsel if he should charge orally, and in so doing after being requested to charge in writing. We can see no error in this, after the consent of counsel. Besides, an oral request to the court, under the circumstances, would rather indicate that the ambiguity upon a single point might be orally explained.

The error assigned in the next unconsidered ground as corrected by the judge needs no ruling, as it is not sustained.

4. The objection to the verdict of the jury because it did not specify upon which plea it was found, is ruled by several cases decided by this court, the last of which was *Williams vs. Gunnells*, February term, 1881, not yet reported.

5. The verdict has sufficient evidence to support it.

Judgment affirmed.