WELLS v. DANIEL.

1. The evidence warranted the verdict, and was not contrary to law.
2. The action being complaint for land, and the plea alleging that the conveyance was made as security for a debt and that the debt had been paid, a general verdict finding the premises in dispute for the plaintiff, covered all the issues made in the pleadings.
May 18, 1892.                               *Judgment affirmed.*

Verdict. Security deed. Before Judge MARTIN. Screven superior court. November term, 1891.

J. H. Daniel sued T. J. Wells for a certain described tract of land containing 550 acres, less 135 acres of said tract surrendered to plaintiff by defendant about October 24, 1884. The title relied on by the plaintiff was an absolute deed to him from the defendant, embracing the land sued for, dated March 6, 1884, in consideration of $1,516.52. The defence was, that the deed was made to secure a debt due by the defendant to the plaintiff, which had been fully paid.

At the trial the defendant testified: He owed plaintiff, J. H. Daniel & Son, and Daniel, Sons & Palmer. Being in the shingle business, he got advances of money and other things to carry on the business from said firm, the firm of J. H. Daniel & Son being succeeded by Daniel, Sons & Palmer. As he would manufacture shingles he would carry them to said firm for sale on his account; they would sell them and give him credit for the sales; they bought up the notes given by him for the purchase money of an engine and shingle-machine with which he carried on the shingle business, and held the notes. Plaintiff was a member of said two firms.

After the shingle business had been carried on some time, said firm represented by plaintiff, and defendant, had a settlement by which defendant sold to said firm the engine and shingle-machine. He received $700 as amount due him on the settlement. Said settlement embraced everything that he owed the two firms and plaintiff, as defendant understood. The note which the deed was given to secure was embraced in that settlement, as he understood; he does not owe plaintiff one cent. Everything embraced in the settlement was put by the clerks of the firm in a book which defendant held in his hand. The terms of the settlement were, that after the payment of the $700 defendant should deliver the shingle-machine and engine to the firm, and they were then to pass receipts and receive the papers embraced in the settlement. Does not know whether the note which the deed was given to secure is embraced in said book or not; his understanding of the matter was, that the settlement embraced everything he owed said firm and plaintiff individually. Does not know that said note was mentioned in the settlement. After the settlement defendant refused to turn over the engine and shingle-machine, because plaintiff refused to return him a mule he had which defendant claimed; and defendant afterwards found out there was a lot of shingles for which the firm had not given him credit. The mule was no part of the settlement. Daniel & Son now have him sued for the recovery of the engine and machine, which suit is pending.

R. G. Daniel testified : The deed was given by defendant to secure a note given by him to plaintiff, which note witness held in his hand. It was credited with $396, leaving a balance of over $1,100 principal. The deed embraces the land sued for, except one hundred and thirty-five acres sold to plaintiff and for which the $396 credited on the note was paid. The settle-

ment referred to by defendant had nothing to do with the individual claims of plaintiff, nor was the note or deed embraced therein. Witness was a member of the firm that made the settlement; was not present all the time the settlement was being made; it was made through plaintiff.

Plaintiff testified : The settlement referred to by defendant was a settlement of the business of the two firms, but had nothing to do with plaintiff's individual claims, and did not embrace the note to secure which the deed was given. The note is still unpaid, except the credit on it. Considered the title to the engine and machine as in the firm after the settlement; the firm have paid taxes on them ever since. On said settlement paid defendant $700, but it was only on settlement of the firm business. The mule referred to by defendant was plaintiff's own mule, and defendant had no right to him. Defendant claimed it was only a temporary exchange when witness regarded it as a permanent trade. The deed, as well as the note to secure which it was given, was the private property of plaintiff and was kept in plaintiff's private safe (safe?), and the firm had nothing to do with the deed or note, which was not embraced or considered or mentioned in the transaction mentioned by defendant.

The note was introduced. It was of the same date as the deed, was for $1,516.50 principal, with interest at eight per cent. from maturity, and was payable to the plaintiff. Indorsed on it was a credit for $396, dated October 24, 1884.

The jury found for the plaintiff the premises in dispute. The defendant moved for a new trial on the grounds that the verdict was contrary to law and evidence; and further, because the court failed to charge the jury that if they found that the deed was given to secure the note, they should find by their verdict whether it was so

given and whether the note was paid, and if not paid how much was still due thereon ; and the movant alleges that herein the verdict does not cover the issues made by the pleadings.

J. H. HOLLAND and HOBBY & OLIVER, by brief, for plaintiff in error.

DELL & WADE, *contra*.