# GEORGIA SOUTHERN AND FLORIDA RAILWAY COMPANY *v.* PRITCHARD.

1. When a bill of exceptions purports to contain an extract from the record in the case, and the same is at variance with what is contained in the transcript of the record duly certified by the clerk, the latter will control as to what is the true record in the case.

2. A process issued by a named person as "clerk," who is clerk of the superior court, bearing test in the name of the judge of that court, and requiring the defendant to appear "at the next ——— court to be held" for a given county on a day when a regular term of the superior court of that county is required by law to be held, is a valid process of the superior court, and needs no amendment. This is true notwithstanding the person signing the process as "clerk" is also clerk of the county court of that county and that court has a regular term beginning on the day when the defendant is required to appear.

Argued May 23,—Decided June 15, 1905.

Motion to dismiss petition. Before Judge Mitchell. Berrien superior court. September 29, 1905.

Pritchard filed a petition against the Georgia Southern and Florida Railway Company, in the office of the clerk of the superior

court of Berrien county, on February 19, 1904. At the March term, 1904, the defendant made a motion to dismiss the petition, on the ground that no process had been issued by the clerk of that court. The motion was not heard at the March term, but was continued until the September term. The bill of exceptions recites that at the hearing during that term the defendant introduced a paper which purported to be a process attached to the petition, of which the following is a copy: "State of Georgia, Berrien County. To the sheriff of said county, or his deputies, greeting: William Pritchard vs. G. S. & F. Ry. Co. Complaint. The defendant, the G. S. & F. Ry. Co., [is] hereby required, personally or by attorney, to be and appear at the next County Court to be held in and for said county on the third Monday in March, 1904, next, then and there to answer plaintiff's demand in an action of complaint. Witness the Honorable Robert G. Mitchell, Judge of said Court, this the 19th day of February, 1904. [Signed] J. D. Lovett, Clerk." The defendant also introduced evidence showing that J. D. Lovett was the clerk of the superior court and also clerk of the county court. It further appeared that both courts had a regular term beginning on the third Monday in March of each year. The bill of exceptions specified, as the record to be transmitted, the motion to dismiss and the judgment of the court thereon. The clerk transmitted these portions of the record, and also transmitted a paper signed by counsel for the plaintiff and the judge of the superior court, which embodies a motion to insert the word "superior" before the word "court," so that the process when amended "will read to the superior court instead of to the court," and an order that the defendant be served with a copy of the amendment and of the order, together with a copy of the original petition and process, twenty days before the next term of the superior court, and that that term be considered the appearance term of the case. The defendant excepts to the allowance of the amendment and to the overruling of the motion to dismiss. When the case was called in this court counsel for the plaintiff filed a suggestion that the copy process set forth in the bill of exceptions was not correct, in that the process as issued by the clerk did not have the word "county" before the word "court." Under an order from this court the clerk transmitted a copy of the original proc-

ess, duly certified, which is as follows: "State of Georgia, Berrien County. William Pritchard vs. G. S. & F. Ry. Co. Complaint. To the sheriff of said county and his deputy, greeting: The defendant, G. S. & F. Ry. Co., is hereby required, personally or by attorney, to be and appear at the next ———— court, to be held in and for said county on the 3rd Monday in March next, then and there to answer the plaintiff's demand in an action of complaint. Witness the Honorable R. G. Mitchell, judge of said court, this 19th day of Feb., 1904. J. D. Lovett, Clerk."

*John I. Hall, R. C. Jordan,* and *F. S. Harrell,* for plaintiff in error. *J. P. Knight, Bush & Bush,* and *T. S. Felder,* contra.

COBB, J. 1. The clerk of a court of record is the custodian of its records and files, and the certificate of this officer as to what is contained in the record must always be looked to, in preference to any other evidence. As to matters occurring during the progress of the trial, which are not of record or of file in the office of the clerk, the judge's certificate will control. But when a bill of exceptions purports to set forth a copy of what is of record or of file, and the recitals therein are at variance with what is contained in the record duly certified by the clerk, the certificate of the clerk will be looked to rather than the recital in the bill of exceptions. See *Southern Ry. Co.* v. *Flemister,* 120 *Ga.* 526, and cit.

2. The copy certified by the clerk appears to be a process issued by one as "clerk" who is in fact clerk of the superior court, bears test in the name of the judge of that court, and requires the defendant to appear at the next ———— court to be held for a given county. The words "county court" do not appear at all in this copy; nor does the word "county" appear anywhere as a term descriptive of the court referred to. One upon whom such a process was served could not be misled. It was returnable at a time when a regular term of the superior court would begin. It was signed by a person as "clerk" who was the clerk of the superior court, and bore test in the name of the judge of that court, and no other court was mentioned or referred to therein. The next court to be held in that county on the day named could not have been understood by the defendant to be other than a court in which the clerk who signed the

process and the judge in whose name it bore test were officers. The fact that the clerk was also clerk of the county court could not mislead, when there was no requirement that the defendant appear at the county court and when the process bore test in the name of the judge of the superior court. It may be that the copy process which was used in preparing the bill of exceptions contained the word "county," but this does not appear from the record. What would be the result in the event this did appear we do not determine. The case of *Cochran* v. *Davis*, 20 *Ga.* 581, apparently rules that defects in the copy are immaterial if the original is correct; but a critical examination of this case will show that what is said therein on this subject is obiter. If the original process had been as set out in the bill of exceptions, the case of *Lowrey* v. *Railroad Company*, 83 *Ga.* 504, would have been in point.

　　*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*