HEATH *et al.* v. MILLER *et al.*

444

No. 14756. February 8, 1944. Rehearing denied March 9, 1944.

446

S. T. *Allen* and R. S. & C. W. *Foy,* for plaintiffs.

G. R. *Jacob* and *John G. Cozart,* for defendants.

WYATT, Justice. (After stating the foregoing facts.)

Mrs. M. M. Simmons and Chas. T. Stewart as administrators of the estate of Mrs. Corrie H. Ewing, deceased, are designated in the bill of exceptions, along with other named persons, as plaintiffs in error, and are otherwise therein referred to as parties to the case; but the record shows that they are not named in the petition either as parties plaintiff or as parties defendant. The only reference made in the petition to these parties is the fact that the lessors, the real plaintiffs in the case, deeded the described property to Mrs. Corrie H. Ewing, who is now deceased, and that her representatives stand in the place of said lessor. No demise is laid from these representatives, and they are not otherwise made parties. In such instance the record must prevail over the statement in the bill of exceptions to the effect that they are parties. *McClure* v. *Smith,* 56 *Ga.* 439; *Ware* v. *City Bank of Macon,* 59 *Ga.* 840; *Ga. Southern & Fla. Ry. Co.* v. *Pritchard,* 123 *Ga.* 320 (51 S. E. 424); *Crews* v. *Ransom,* 183 *Ga.* 179 (3) (188 S. E. 1).

In Powell's Actions for Land, 118, § 95, it is stated in reference to actions for land that a "general demurrer is rarely available where the action is in the fictitious form." However, we know of no sound reason why a petition in ejectment in the common-law form should not be subject to dismissal on general demurrers if it appears from its face that the lessor, or plaintiff, does not have title to the property and is not entitled to its possession. In the present case the petition in ejectment and the "supplemental petition" were filed together simultaneously, and served upon the defendants under the same process. It is by the allegations of these two petitions that the plaintiffs assert their right of recovery. In the supplemental petition, showing the relation between the parties, it is alleged that in 1909 two of the lessors executed and

delivered to J. T. Parker, one of the defendants, a bond for title to the lands in question; that Parker owes two purchase-money notes on said property, which have been past due and unpaid since December 1, 1911, and that he refuses to surrender the property. It is alleged further that the heirs of Geo. A. Heath, deceased, deeded the property described in the declarations to Mrs. Corrie H. Ewing, whose representatives stand in the place of the heirs of Geo. A. Heath. Since these allegations, descriptive of the title to the lands sought to be recovered, might not amount to an abstract of title, they disclose in whom the title rests, and being incorporated in the petition, must be considered as a part thereof. In the case of *Dugas* v. *Hammond,* 130 *Ga.* 87, 90 (60 S. E. 268), it was said: "Under the statutory form of action the abstract of title is not a part of the petition. *Yonn* v. *Pittman,* 82 *Ga.* 637 (9 S. E. 667). The plaintiff may make it a part thereof by incorporating it in the body of his petition, or by making his exhibit which contains the abstract a part of his petition by reference or otherwise." Similarly, such a rule would be applicable to an action in the common-law form. The allegations of both petitions will be considered in determining whether the ruling sustaining the general demurrer thereto filed by the defendant, Tindall Smith, should be upheld. If it affirmatively appears therefrom that for any reason the lessors are not entitled to recover, the judgment sustaining the demurrer was correct as to the defendant Smith. Upon examination of the petitions, it will be observed that in the same count a demise was alleged in March, 1923, from several named persons, all of whom were alleged to be all of the heirs of Geo. A. Heath. Alleging a demise from two or more persons in the same count is a joint demise. Powell's Actions for Land, 58, § 27. Upon further examination, it is disclosed that in March, 1923, all of the heirs of Geo. A. Heath (who are the same persons named as lessors in the joint demise) deeded the lands in dispute to Mrs. Corrie H. Ewing. Thus it clearly appears that the plaintiffs had parted with their title before the commencement of the present action, and therefore can not recover. "No recovery can be had upon the demise of a person who had conveyed away his whole title before the action was brought." *Hobby* v. *Bunch,* 83 *Ga.* 1 (3) (10 S. E. 113, 20 Am. St. R. 301). Further, "In an action of ejectment the plaintiff must recover on the strength of his

own title, and not on the weakness of the defendant's title." *Capps* v. *Smith,* 175 *Ga.* 795 (166 S. E. 234); Code, § 33-101. No demise is averred from the representatives of Mrs. Corrie H. Ewing, who had held the title to the lands. "In ejectment no recovery can be had upon the title of a person from whom no demise is laid in the declaration." *Hobby* v. *Bunch,* supra. In the case of *Toms* v. *Quitman County,* 183 *Ga.* 391 (188 S. E. 537), it was held as follows: "While plaintiff in ejectment may ordinarily recover upon his prior possession, he can not do so where he goes further and shows affirmatively that the title and right of possession is in another. Under this principle, the original petition filed in this case did not state a cause of action in the plaintiff." The petitions showing that some twenty years before the filing of the complaint, the plaintiffs had conveyed the title to the lands sought to be recovered to a third person in whom no demise was laid, the lower court properly dismissed the petition as to the defendant Smith on his general demurrer.

■ While in a case "where some of several joint defendants demur to the plaintiff's petition, and the demurrer goes to the substance of the whole petition and challenges the plaintiff's right to any relief, such demurrer inures to the benefit of all, though some may be in default" (*Tate* v. *Goode,* 135 *Ga.* 738, 70 S. E. 571, 33 L. R. A. (N. S.) 310; *Tillman* v. *Davis,* 147 *Ga.* 206, 93 S. E. 201; *McKinney* v. *Powell,* 149 *Ga.* 422, 430, 100 S. E. 375; *Benson* v. *Lewis,* 176 *Ga.* 20 (2), 166 S. E. 835), this rule is not applicable where, as in the present case, the demurrer does not challenge the plaintiff's right to any relief, but only alleges that the "petition fails to set out any cause of action against this defendant." It was error to dismiss the petition as to any of the defendants except Tindall Smith, who filed the general demurrer.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*