JOHNSON *v.* SHERRER *et al.*

No. 14753.   MARCH 8, 1944.

*J. A. Mitchell* and *W. A. Slaton,* for plaintiff.

*Osgood O. Williams* and *Hawes Cloud,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The petition contained substantially the following allegations in reference to fraud: The grantor had resided in North Carolina for many years before the alleged deed was purported to have been executed, and was living there at that time was not familiar with conditions in Georgia, and did not know the value of the land and timber. If the deed was delivered, it was for the purpose of allowing the defendant to act as the grantor's agent to sell the land: or the deed was procured by fraudulent means, in that for the purpose of deceiving the grantor, who had no opportunity to observe, the defendant wilfully misrepresented that there was nc

timber growing on the land, though in fact there was about two hundred thousand feet of sawable timber worth five dollars per thousand. The defendant represented to the grantor that similar land had sold for less than two dollars an acre, whereas the land in question was worth $2500. There was a great inadequacy between such value and the consideration, which was stated as "thirty dollars, and all taxes and other costs," together with a suppression by the defendant of material facts, and representations made by the defendant which were acted upon by the grantor. There was a confidential relation, because the defendant was a brother-in-law of the grantor. The relation being such, the grantor relied on the defendant, and the latter exercised a controlling influence over the former. In the circumstances the deed was obtained by fraud.

As against general demurrer, the allegations were sufficient to show that the deed the plaintiff sought to have canceled was procured by fraudulent representations on the part of the defendant while acting as agent, together with a suppression of material facts in reference to the value of the land and timber, and that there was no such lack of diligence on the part of the grantor as to bar a recovery. While a party must exercise reasonable diligence to protect himself against the fraud of another, he is not bound to exhaust all means at his command to ascertain the truth before relying upon the representations. Ordinarily the question whether the complaining party could ascertain the falsity of the representations by proper diligence is for determination by the jury. *Elliott* v. *Marshall,* 179 *Ga.* 639 (176 S. E. 770).

There is no presumption that a confidential or fiduciary relation exists between brothers-in-law solely from the fact they are so related. *Crawford* v. *Crawford,* 134 *Ga.* 114 (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932); *Bryan* v. *Tate,* 138 *Ga.* 321, 323 (75 S. E. 205); *Ellis* v. *Hogan,* 147 *Ga.* 609 (95 S. E. 4); *Stephens* v. *Walker,* 193 *Ga.* 330, 332 (18 S. E. 2d, 537). Accordingly, if a confidential or fiduciary relation exists between brothers-in-law, it must be shown by proof, and the burden is upon the party asserting the existence of such relationship to affirmatively show the same. This principle is in harmony with the decision in *Sims* v. *Ferrill,* 45 *Ga.* 585 (5), cited in 136 A. L. R. 1301, where this court held: "Trust and confidence reposed in a

396

brother-in-law by his widowed sister-in-law requires the utmost good faith and fair dealing in any contract of sale between them. A misrepresentation of the law by the brother-in-law to his sister-in-law, whereby she is led to believe her title to property held by her is invalid, and on this account she sells it to him, which sale is much to his advantage, vitiates the sale at her election, even though such misrepresentation was made in good faith." Furthermore, in the case at bar, the defendant was also alleged to be the agent of his brother-in-law. In *Williams* v. *Moore-Gaunt Co.,* 3 *Ga. App.* 756 (60 S. E. 372), it was said: "The relationship of principal and agent, being confidential and fiduciary in character, demands of the agent the utmost loyalty and good faith to his principal. Any breach of this good faith whereby the principal suffers any disadvantage and the agent reaps any benefit is a fraud of such nature as to preclude the agent from taking or retaining the benefit." And the Code, § 4-204, declares: "Without the express consent of the principal after a full knowledge of all the facts, an agent employed to sell may not himself be the purchaser." Nor was the petition subject to demurrer on the ground that since the value of the property was land and timber, the grantor had an equal opportunity to ascertain the value, and that neither he nor any one in privity with him could plead fraud or mistake in the sale. The instant case differs on its facts from *Brannen* v. *Brannen,* 135 *Ga.* 590 (*a*) (69 S. E. 1079), where it was held: "The court committed no error in striking a plea of the defendant, to the effect that the vendor misrepresented to him the character and value of the timber on the land, when, as far as disclosed by the plea, the defendant had sufficient opportunity to inspect the same and was not prevented from so doing by any artifice or fraud of the vendor, but relied upon the latter's representations as to these matters;" and similar cases where the complaining party had sufficient opportunity to inspect, and no agency or confidential relations were involved, as in *Thompson* v. *Boyce,* 84 *Ga.* 497 (11 S. E. 353); *Martin* v. *Harwell,* 115 *Ga.* 156 (3) (41 S. E. 686); *Morrison* v. *Colquitt County,* 176 *Ga.* 104 (167 S. E. 321); *Browning* v. *Richardson,* 181 *Ga.* 413 (182 S. E. 516); *Karpas* v. *Candler,* 189 *Ga.* 712 (2) (7 S. E. 2d, 243); *Ray* v. *Isakson,* 191 *Ga.* 610 (13 S. E. 2d, 360).

■ The petition also contained substantially the following al-

legations: If the deed was executed, it was never intended as an absolute conveyance, but it was for the purpose only of securing the defendant for such sum as he might be entitled to by reason of any indebtedness to him by the grantor on account of transactions between them, or for such sum as the defendant might become entitled to, and for any advances the defendant might make in the payment of taxes. The grantor owned the land at the time of his death, and it was subsequently set apart to the petitioner and her minor child as a year's support. The defendant had a deed recorded which purported to convey the land to him in consideration of "thirty dollars, and all taxes and other costs." The deed has failed for the reason that neither the petitioner nor the grantor received any sum whatsoever from the defendant, and the taxes were not paid. Possession was never surrendered to the defendant. These allegations were sufficient, as against general demurrer, to allege a cause of action for cancellation of the deed.

■ The ruling announced in the third headnote does not require elaboration.

■ The Code, § 6-701 provides in part: "No cause shall be carried to the Supreme Court . . while the same is pending in the court below, . . but, at any stage of the cause, either party may file his exception to any decision" etc. § 6-1305 provides when assignments of error upon exceptions pendente lite shall be held to be sufficient. The purpose of these sections of the Code is to allow a complaining party to preserve his exceptions as made during the trial of a case; but the exceptions pendente lite can not enlarge upon the questions passed upon by the trial court. The record in the instant case shows that the defendant demurred to the original petition on the grounds: (1) The petition does not set out a cause of action. (2) The value of the property, being land and timber, the grantor had an equal opportunity to ascertain the value, and neither he nor any one in privity with him can plead fraud or mistake in the sale. The demurrer was overruled, and the defendant excepted pendente lite. The record also shows that the defendant renewed his demurrer to the petition when amended, and excepted pendente lite to an order overruling such demurrer. These questions are passed upon in the first headnote, and the corresponding division of this opinion.

After preserving the exceptions above referred to the defendant

insisted in his exceptions pendente lite that the amendment (1) "sets forth and adds a new party to the action," (2) sets forth "a new cause of action," (3) was an attempt to vary the terms of the said deed, and (4) "was insufficient as a tender." While each of these questions could have been raised by appropriate demurrer, they are set forth for the first time in the exceptions pendente lite, and are not elsewhere contained or referred to in the record. When there is a conflict between the recitals in a bill of exceptions and the record, the record must prevail. *McClure* v. *Smith,* 56 *Ga.* 439; *Roebuck* v. *State,* 57 *Ga.* 154 (4); *Ware* v. *City Bank of Macon,* 59 *Ga.* 840 (3); *Ga. So. & Fla. Ry. Co.* v. *Pritchard,* 123 *Ga.* 320 (51 S. E. 424); *James* v. *Cooledge,* 129 *Ga.* 860 (4) (60 S. E. 182); *Sistrunk* v. *Love,* 139 *Ga.* 240 (77 S. E. 21); *Crews* v. *Ransom,* 183 *Ga.* 179 (3) (188 S. E. 1). By analogy, the same rule would apply when there is a conflict between the recitals in exceptions pendente lite and the record. Furthermore, the reasons insisted upon in the exceptions pendente lite why the court erred in overruling the demurrer to the original petition as amended, can not be treated as additional grounds of demurrer, for the reason that they are set out only in the exceptions pendente lite, and are not contained elsewhere in the record, or referred to therein; nor does the record show that any such questions were passed upon by the trial judge. "Where an amendment to pleadings is allowed and error is assigned thereon, it is necessary to show what objection was made to such allowance, so as to determine what points were raised and decided in the trial court. Otherwise one objection might be made there and overruled, and in this court an entirely different objection might be urged, and a reversal obtained upon a question never raised or decided in that court." *White* v. *Little,* 139 *Ga.* 522 (2 *a*) (77 S. E. 646). Accordingly, the reasons insisted upon are insufficient to raise any question for decision.

■ Special grounds 1 to 6, both inclusive, of the motion for new trial complain because the court instructed the jury in the language of various sections of the Code defining fraud. While error is assigned upon the charge in each of the six grounds, in substance they all amount to an exception to the effect that there was (a) no evidence of fraud committed on the grantor by the defendant in the procurement of the deed sought to be canceled; (b)

no evidence of any artifice, or act of omission or commission by the defendant, or that the grantor was deceived; (c) no evidence of the suppression of any fact which the defendant was under a duty to communicate; (d) no evidence of any trick, employment of an agent to deceive, or any unfair means used to cheat the grantor; (e) no evidence that the defendant exercised any controlling influence over the will of the grantor. "It is not cause for a new trial that the court read in charge to the jury a Code section, part of which was applicable to the case and part not; it not appearing that the reading of the inapplicable part was calculated to mislead the jury or was prejudicial to the rights of the losing party." *Martin* v. *Hale,* 136 *Ga.* 228 (2) (71 S. E. 133).

The brief of counsel for the plaintiff in error contains the statement that the first and controlling question in the case is, "Was this deed procured by fraud?" On the trial substantially the following evidence in reference to fraud was introduced without objection: The defendant, as agent of the grantor, had authority to rent the land and sell timber for the purpose of paying taxes. A person who had formerly acted as agent pointed out the boundaries to the defendant, and showed him a streak of timber that could be sold for enough to pay the taxes. There was about 200,000 feet of pine timber on the land in April, 1943, and the timber pointed out to the defendant is still standing on the land. The value of the land and timber in 1940, when the deed was executed, was from $1750 to $2000, and on the day of the trial its value was $2500. The grantor, who resided in North Carolina, had not visited Taliaferro County for more than two years before his death, had implicit confidence in the defendant, and relied on him to look after the land in every respect. The defendant's own testimony shows that in these circumstances he wrote the grantor letters indicating how little the property was worth, and stating that something had to be done about the taxes. After such correspondence, the grantor wrote that he did not care to be bothered with the land, and executed the deed in question, which stated the consideration as "thirty dollars, and all taxes and other costs." While the defendant represented to the grantor in 1940 (the date the deed was executed) that the sheriff was threatening to levy on the land, and that something had to be done about the taxes, the taxes were not paid until April, 1943, after

the instant petition was filed; and the sheriff testified that he would not have levied on the entire property for such a small amount of tax. "What the person himself testifies is not necessarily conclusive, because the jury is authorized to apply the homely maxim that 'actions speak louder than words,' and from one's acts they may determine that the intention was directly opposite from what he says it was." *Alexander* v. *State,* 118 *Ga.* 26 (44 S. E. 851). "Fraud is exceedingly subtle in its nature. There are infinite means by which it can be accomplished. In its conception human ingenuity is limitless in its capabilities. It is therefore impossible to state any general rule by which particular frauds are to be identified. Classification is almost, if not quite, impossible. It may be perpetrated by willful misrepresentations made by one person to another with a design to mislead, and which do actually mislead, another. It may be perpetrated by signs and tricks, and even silence may in some instances amount to fraud." *McKaig* v. *Hardy,* 196 *Ga.* 582 (27 S. E. 2d, 11).

While it might be insisted from the grantor's having seen the timber when he purchased the property in 1929, in connection with the defendant's testimony to the effect that while he had not visited Taliaferro County for more than two years, the grantor necessarily knew its value, for the reason that it takes years for trees to grow, it must be borne in mind that the defendant was acting as agent with authority to cut all of the timber if necessary for the purpose of paying the taxes. The evidence was sufficient to show that the deed the plaintiff sought to have canceled was procured by fraudulent representations, together with a suppression of material facts by the defendant in reference to the value of the land and timber, while acting as agent, in that the defendant, with knowledge that there was enough timber in one streak to pay the taxes, wrote letters indicating how little the property was worth, and stating that something had to be done about it. Furthermore, the great inadequacy between the value of the property and the consideration stated in the deed shows that the grantor as principal suffered a disadvantage, and that the defendant as agent reaped a substantial benefit.

The court did not err, for any reason assigned, in charging the jury in reference to fraud, as complained of in special grounds 1 to 6 of the motion for new trial.

■ The 7th special ground of the motion complains because the judge instructed the jury: "I also charge you if you believe under the evidence, facts and circumstances of the case, that [defendant] was not in possession of this property, even though he held the deed, that he was not in possession of this property under a complete and full title, why then and in that event you would be authorized to consider parol testimony as to whether he was holding under a warranty deed or a security deed, regardless of the question of fraud." These instructions were given to cover the plaintiff's theory that the defendant had never been in possession except as agent for the grantor. In stating the defendant's contention that he was in possession under a warranty deed, the court had previously charged: "A deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved, at the instance of the parties, by parol evidence to be a mortgage only, unless fraud in its procurement shall be the issue to be tried." Code, § 67-104. Immediately following the charge complained of, the court instructed the jury: "The rule of law is, that where a party is in possession of property, claiming title thereto, his title can not be attacked as being a security deed or security for a debt only, unless fraud is the issue to be tried." The plaintiff in error insists that the inclusion of the language, if "he [defendant] was not in possession . . under a complete and full title," made the charge an incorrect statement of the law. The word "possession" as used in the expression, "A deed absolute on its face and accompanied with possession shall not be proved by parol evidence to be a mortgage," in the Code, § 67-104, necessarily means possession "under a complete and full title." Furthermore, if the defendant was in possession as agent, his possession would inure to his principal (the grantor).

In discussing similar facts where a grantee was in "actual possession," it was said in *Hutchinson* v. *King,* 192 *Ga.* 402 (1 *a*) (15 S. E. 2d, 523): "Where an instrument in the form of an absolute warranty deed contains a provision that the grantor 'shall, if she desires, occupy said premises for and during her natural life as her home, but in all events the title to said property passes herewith absolutely,' and the petition of the grantor, seeking in effect a cancellation or reformation of the deed into a security deed, alleged that the defendant grantee paid to the grantor a certain amount

as a 'balance or rent,' and is obligated to pay over to her 'any and all sums received . . as rentals during the lifetime of plaintiff,' the petition will be construed as showing that the plaintiff grantor remained in possession, since any possession by the grantee or other tenant would be the possession of the grantor by virtue of the payment and obligation to pay rents to the grantor. Accordingly, the plaintiff would be entitled to show, under proper averments and proof, that the instrument was in fact given only to secure an indebtedness." Applying the above-stated principle, the instruction complained of was not an incorrect statement of the law. On the contrary, it was merely a charge to the effect that if the jury should believe under the evidence that the defendant was not in possession "under a complete and full title," but as agent for the grantor, then under the law the grantor would still be in possession, in which event a deed absolute in form could be shown to have been made to secure a debt. *Askew* v. *Thompson,* 129 *Ga.* 325 (2) (58 S. E. 854); *Mercer* v. *Morgan,* 136 *Ga.* 632 (71 S. E. 1075); *Berry* v. *Williams,* 141 *Ga.* 642 (81 S. E. 881); *Blankenship* v. *Cochran,* 151 *Ga.* 581 (107 S. E. 770); *Simpson* v. *Ray,* 180 *Ga.* 395 (178 S. E. 726); *Chandler* v. *Georgia Chemical Works,* 182 *Ga.* 419 (185 S. E. 787, 105 A. L. R. 837); *Georgia Chemical Works* v. *Malcolm,* 186 *Ga.* 275 (5) (197 S. E. 763); *Peppers* v. *Peppers,* 194 *Ga.* 10 (20 S. E. 2d, 409); *Hobbs* v. *Houston,* 195 *Ga.* 571 (2) (24 S. E. 2d, 884); *Ray* v. *Etheridge,* 195 *Ga.* 787 (2) (25 S. E. 2d, 570).

The 8th and 9th special grounds complain because the court submitted to the jury only two forms of verdict, as follows: "We, the jury, find in favor of the plaintiff, and that the deed be canceled upon the payment by [plaintiff] to the defendant of (so many) dollars;" and, "We, the jury, find in favor of the defendant and that the deed is valid." The verdict returned was: "We, the jury, find the verdict in favor of the plaintiff, and that the deed be canceled upon the payment of $400 to" the defendant.

The movant contends that the failure to give the jury a form of verdict to be used in the event they found that the deed was procured by fraud, left the jury under the impression that although no fraud was involved in the procurement of the deed, they might find that the deed was given to secure a debt. Also, that the verdict, in failing to show the jury in fact found that there was fraud

in the procurement of the deed, shows that the jury determined from parol evidence that the deed was a deed to secure debt, and did not find that it was procured by fraud. "Where several pleas are filed by a defendant, a verdict in his favor should show on which plea it is rendered, and upon objection to a general verdict for the defendant, the jury will be required to retire and amend their verdict so as to show this. But if a general verdict for the defendant be returned, received and recorded without objection, it will not be a ground for new trial that it fails to specify on which plea it rests." *Continental National Bank of New York* v. *Folsom,* 67 *Ga.* 624 (4); *Livingston* v. *Taylor,* 132 *Ga.* 1 (6) (63 S. E. 694); *Bailey* v. *Williams,* 155 *Ga.* 806 (2) (118 S. E. 354). In *Wells* v. *Daniel,* 89 *Ga.* 330 (15 S. E. 463), it was said: "The jury found for the plaintiff the premises in dispute. The defendant moved for a new trial on the grounds that the verdict was contrary to law and evidence; and further, because the court failed to charge the jury that if they found that the deed was given to secure the note, they should find by their verdict whether it was so given and whether the note was paid, and if not paid how much was still due thereon; and the movant alleges that herein the verdict does not cover the issues made by the pleadings." It was held: "The action being complaint for land, and the plea alleging that the conveyance was made as security for a debt and that the debt had been paid; a general verdict finding the premises in dispute for the plaintiff covered all the issues made in the pleadings." In *Armsby Co.* v. *Shewmake,* 113 *Ga.* 1086 (4) (39 S. E. 473), it was said: "A new trial will not be granted because a verdict in favor of the defendant, in a case where several pleas were filed, does not specify upon which plea it is found, when there was no request to instruct the jury to so frame the verdict, and no objection was made to the verdict on this ground when the same was rendered. *Ventress* v. *Rosser,* 73 *Ga.* 534 (1 c); *Little* v. *Rogers,* 99 *Ga.* 95 (2), and cases cited."

The 8th and 9th special grounds do not show cause for the grant of a new trial.

■ Fraud renders all contracts voidable at the election of the injured party. Code, § 20-502. Parol evidence is admissible to show that what appears to be a valid written contract is void because the complaining party was induced to execute it by the fraud

of the other. § 38-503. The admission of such evidence does not violate the rule that parol contemporaneous evidence is generally inadmissible to vary the terms of a written instrument. § 38-501. Accordingly, it was not error, as complained of in the 10th and 11th special grounds of the motion for new trial, to admit the testimony of two witnesses for the plaintiff, to the effect that the defendant was in possession as agent of the grantor, and that the deed was given to secure a debt, the objection being that the effect of the testimony was to vary by parol evidence the terms of the written deed held by defendant, and to show that the deed sought to be set aside, in form a warranty deed, was in fact a deed to secure debt. *Elliott* v. *Marshall,* supra. Furthermore, the defendant allowed another witness for the plaintiff to testify without objection that after the grantor died the defendant stated he took the place to try to work it out of debt, and he took it to manage it for the grantor.

■ The evidence, though conflicting, was sufficient to support the verdict, and the court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*