### 38300. OLIVER v. AETNA INSURANCE COMPANY.

TOWNSEND, Judge. 1. "By unanimous decisions this court has held that, in order to recover in a suit for malicious use of civil process, it must be shown that such process caused either (1) an arrest of the person, or (2) seizure of property, or (3) other special injury." over and beyond damages for humiliation and ridicule, or attorney fees and other expenses

of defending the litigation. *Dixie Broadcasting Corp. v. Rivers,* 209 Ga. 98, 108 (70 S. E. 2d 734). The petition here is, as conceded by all parties, subject to general demurrer as the common law is construed in the courts of this State, in that the action allegedly procured to be brought by the Aetna Insurance Company against the plaintiff in the State of New Jersey did not result in any actionable element of damages.

2. In determining substantive common-law rights which are contended to be the foundation of the cause of action and which allegedly arose in and are controlled by the law of another State which was, however, one of the original thirteen Colonies, the construction of the common law given by the courts of this State will control, in preference to the construction given to such law by the other State. *Trustees of Jesse Parker Williams Hospital v. Nisbet,* 189 Ga. 807, 811 (1a) (7 S. E. 2d 737). Accordingly, the common law as construed by the decisions of the courts of the State of New Jersey will not be examined to determine whether the plaintiff would, in the courts of that State, have a cause of action for malicious use of civil process under the allegations of this petition.

The trial court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*

DECIDED JUNE 22, 1960—REHEARING DENIED JULY 12, 1960.

*R. Beverly Irwin, Henry M. Henderson,* for plaintiff in error. *Woodruff, Latimer & Savell, Edward L. Savell,* contra.