## 43970. MULTIPLE REALTY, INC. v. WALKER.

WHITMAN, Judge. Mrs. Hazel Walker, moving to DeKalb County from out of state, executed an agreement through Multiple Realty to buy a house, gave a check for $1,000 as earnest money, moved in and immediately began some minor improvements. She then found a condition existing in the neighborhood contrary to what she had specified and contrary to what Multiple's agent had represented so she gave notice that she would not go through with the purchase. She stopped payment on the earnest money check. She also requested the agent to find another house in a neighborhood which met her requirements.

As a result of these events, Multiple turned the matter over to its attorney to protect its interest and the interest of its seller. The attorney caused three attachments and summons of garnishment to be issued, one for its commission based on the contract of sale, one for the $1,000 earnest money as defendant was the payee of the earnest money check, and one in the name of the seller, J. J. Kyser, for an amount representing damage to the realty as a result of the improvements which Mrs. Walker had begun but which were not completed.

All three attachments and summons of garnishments were served on the Citizens & Southern National Bank, who paid all of Mrs. Walker's savings and checking account funds into court.

The present case grows out of the attachment proceeding by Multiple for its commission on the contract for sale. Mrs. Walker traversed the truth of the affidavit and attachment, the affidavit averring that Mrs. Walker was "moving or about to move without the limits of the county," which is a ground for attachment under *Code* § 8-101, and her traverse was sustained. She thereupon brought the present action against Multiple to recover damages for malicious use of process. She alleged several items of actual damage and also prayed for punitive damages, alleging that Multiple's action in the matter was without probable cause, wanton, and malicious. A trial was had with the jury finding for Mrs. Walker and awarding actual and punitive damages. Multiple appeals from the denial of its motion for new trial, as amended.

The five special grounds of the amended motion for new trial and the first five enumerations of error are the same. Appellant in its brief has abandoned enumeration of error No. 2. *Held:*

394

1. The first enumeration is that it was error to permit a witness called by the plaintiff, the attorney who executed the affidavits and caused the attachments to issue, to testify that a total of three attachments had been issued against Mrs. Walker. This testimony was objected to as being irrelevant and prejudicial; that only two attachments were issued on behalf of Multiple; that the third was in the name of the seller; and further, that the present case involved only the attachment by Multiple for its commission and the evidence of the other attachments tended to indicate that Multiple had acted maliciously.

The record shows that Multiple itself elicited testimony concerning the other two attachments in support of a contention that the plaintiff had not been damaged by the attachment in the present case, i.e., that the other two attachments had, prior to the present attachment, depleted all of plaintiff's funds at the bank, and therefore she could not have been harmed by the present attachment proceeding.

An officer of the garnishee bank testified on direct and cross examination as to the fact of the three attachments. The records of the three proceedings were admitted into evidence and showed the fact of each attachment and in whose favor each was issued.

Therefore, as substantially the same evidence objected to was later elicited without objection on direct and cross examination, the error in overruling the objection, if any, was harmless. *American Family Life Ins. Co. v. Glenn,* 109 Ga. App. 122, 124 (135 SE2d 442).

2. (a) The next two enumerations are that the trial court erred, at the conclusion of plaintiff's evidence and at the conclusion of defendant's evidence, in overruling defendant's "motion for directed verdict, or a motion for a verdict on the pleadings and the evidence" made on the ground that other defendants who had been in the case along with Multiple (three individuals named as attorneys for Multiple) had had their general demurrers sustained and that these orders were unappealed from. Therefore, it is contended that the rule set forth in *Peoples Loan Co. v. Allen,* 198 Ga. 516, 519 (32 SE2d 175) applies, i.e., that where some of several joint defendants demur to the plaintiff's petition and the demurrer goes to the substance of the whole petition and challenges the plaintiff's right to any relief, such demurrer, if sustained,

inures to the benefit of all the defendants. However, the demurrers of the other defendants in this case were made on the ground that the petition "fails to set forth a cause of action against *this defendant.*" When such a demurrer is sustained it does not inure to the benefit of all other joint defendants. *Heath v. Miller,* 197 Ga. 443, 448 (29 SE2d 416).

(b) As a second ground of defendant's motion, it was urged that the plaintiff had failed to show that the prior proceeding had terminated in her favor which is a prerequisite for maintaining the action. The record of the prior proceeding was admitted in evidence and shows the affidavit upon which the attachment and summons of garnishment issued. It also shows the traverse thereto and the judgment of the court sustaining same and dissolving the attachment. Thus this contention is without merit.

(c) A third ground of the defendant's motion was that there was no evidence of any malice, which is an essential ingredient for recovery. The plaintiff testified that she was not moving or about to move without the limits of the county when the attachment was issued; that two days after the attachment was issued she received a letter on behalf of the seller, written by the same attorney who had caused the attachment to issue, demanding that she vacate the house within four days; and that she did so but remained in the county.

In a case such as this it must be shown that the prior process was instituted maliciously and without probable cause, and the burden of so proving is on the plaintiff. *Sledge v. McLaren,* 29 Ga. 64; *Darnell v. Shirley,* 31 Ga. App. 764 (122 SE 252). The above evidence on behalf of the plaintiff shifted the burden of going forward with the evidence to the defendant, i.e., to show it had probable cause to believe that plaintiff was moving or about to move without the limits of the county. Defendant's evidence in this regard was that defendant's president had a "report" that plaintiff was "moving"; that she had a van truck backed up to the house around 4 a.m. There was no evidence that defendant or anyone who reported to defendant had undertaken to verify where plaintiff was moving to, if she was in fact moving. Whether such information constituted any probable cause for believing that plaintiff was "moving without the limits of the county" was

a question of fact for the jury. *Juchter v. Boehm, Bendheim & Co.*, 67 Ga. 534, 540.

The jury would be authorized to infer the existence of malice from a complete lack of probable cause. *Darnell v. Shirley*, 31 Ga. App. 764, supra; *Hallman v. Ozburn*, 38 Ga. App. 514 (1) (144 SE 344). There was no error in overruling defendant's motion on this ground.

(d) The next ground of the motion was that the plaintiff failed to prove that any of her property had been seized under the attachment and garnishment. As discussed in Division 1, defendant argued that nothing was actually impounded by the present garnishment. The bank answered the present garnishment as follows: "[A]ll funds held by garnishee have been paid into court incident to answer in Case No. A-3079 and this answer is filed subject to that answer." But the record shows that certain of plaintiff's funds were being held in the registry of the court pending a determination of the present attachment; that such funds were not returned to plaintiff until the judgment dissolving the attachment had so ordered. Thus there is a showing that property was held and was not released until the attachment had been dissolved.

4. (a) It was requested by defendant at the end of the court's charge that the court instruct the jury that the evidence disclosed that the attachment was actually taken out by defendant's attorney rather than by defendant itself, and that if the attorney is not liable, then defendant is not liable. The failure to do so is enumerated as error No. 4.

There was no dispute that the attachment was issued by defendant's attorney. The acts of the attorney were the acts of defendant. *Atlantic Co. v. Farris*, 62 Ga. App. 212, 215 (8 SE2d 665). The question for determination by the jury was the effect of the acts, in which regard the jury was properly instructed.

(b) The court was also requested to charge that the jury must find "there was an actual levy made upon some property of the plaintiff before the plaintiff could recover." The request was not an accurate statement of the law, as the basis for recovery is not so limited but recovery may be had where any special damage is shown to have resulted from the process. *Oliver v. Aetna Ins. Co.*, 102 Ga. App. 89 (115 SE2d 647). Also see *Boykin v. Parker*, 108 Ga. App. 718 (1) (134 SE2d 531).

5. There was evidence to support the verdict, and we find no error in the denial of the motion for new trial.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED OCTOBER 7, 1968—DECIDED MARCH 14, 1969.

*E. T. Hendon, Jr.,* for appellant.

*Barber & Rambo, John Hollis Allen,* for appellee.