WILLIAM BLACK, PHILIP GROSSMAN and AMERICAN SEAM BINDING MACHINE Co., INC., Appellants, *v.* OSCAR L. JUDELSOHN, Respondent.

First Department, June 18, 1937.

*Harry Krauss*, for the appellants.

*Frank W. Holmes* of counsel [*Wallace R. Foster*, attorney], for the respondent.

COHN, J.   At the commencement of the trial defendant moved for a dismissal of the complaint.   The court reserved decision; it

thereafter determined that the opening statement added nothing to the complaint and that together they failed to establish a cause of action. The motion to dismiss the complaint was thereupon granted.

The verbal statement of plaintiffs' counsel to the jury, save for a few details, did not enlarge upon the complaint. Counsel, however, was not limited in his proof by the opening but he was privileged to take advantage of any evidence that he might be able to adduce whether set forth in his opening or not. If plaintiffs had a cause of action upon the pleadings, they still have it for there was no statement or admission made by counsel which could be considered fatal to the action. The real question is whether the plaintiffs had any case on the pleadings. If they had, the complaint should not have been dismissed.

The practice of dismissing a complaint on the opening of counsel alone, unless it is obvious that the plaintiff can not prevail under any view of the testimony, has been disapproved by our appellate courts as an unsafe method of deciding controversies. (*Hoffman House* v. *Foote*, 172 N. Y. 348, 350; *Darton* v. *Interborough Rapid Transit Co.*, 125 App. Div. 836; *Malcolm* v. *Thomas*, 207 id. 230; affd., 238 N. Y. 577; *Garrison* v. *McCullough*, 28 App. Div. 467.)

In *Darton* v. *Interborough Rapid Transit Co.* (*supra*, at p. 837) this court stated the rule as follows: " The Court of Appeals has said that a complaint should not be dismissed upon the opening of counsel unless it clearly appears either: (1) That the complaint does not state a cause of action; (2) that a cause of action well stated is conclusively defeated by something interposed by way of defense and clearly admitted as a fact, or (3) that the counsel for the plaintiff in his opening address, by some admission or statement of facts, so completely ruined his case that the court was justified in granting a nonsuit. (*Hoffman House* v. *Foote*, 172 N. Y. 348.) "

The pertinent allegations of the complaint here show the following: Plaintiffs and defendant were the sole competitors in the State of New York in the manufacturing and repair of cutting and spooling machines. The individual plaintiffs operated the plaintiff corporation and were its sole stockholders. They devoted their entire time to the business. Prior to 1926 defendant procured a patent on improvements for these machines. In the year 1926 he charged the plaintiffs with infringement, brought an injunction suit in the United States District Court, and a decree *pro confesso* was entered in favor of this defendant. In December of that year defendant addressed a communication to customers and prospective customers of plaintiffs, informing them that he had

an injunction and stating that any purchaser of a machine for which defendant holds patents would be prosecuted, the purpose being intimidation.

It is further alleged in paragraph twelfth of the complaint that " at various and divers times throughout the years, from 1926 to 1932 inclusive, this defendant with the same purpose and intent as alleged in the preceding paragraph (that is, with intent and design of destroying the business of the individual plaintiffs), and with the further purpose and intent of destroying the business of the plaintiff American Seam Binding Machine Co., Inc., and to stifle the competition existing between said corporation and this defendant, did, wilfully and maliciously, and without reasonable cause or basis therefor, continuously communicate with various customers and prospective customers of these plaintiffs throughout the United States and did falsely advise them that these plaintiffs were manufacturing cutting and spooling machines that infringed upon the patent rights of this defendant as aforementioned and advised such customers and prospective customers that they would prosecute any purchaser of the machines manufactured by these plaintiffs, or any of them, for a violation of the aforementioned alleged patent rights of this defendant and that this defendant then and there knew such charge of patent infringement to be false and untrue." Appropriate allegations of resultant damage are also set forth.

The complaint also states that in June, 1931, the defendant made application in the United States District Court to punish plaintiffs for contempt for alleged violation of the injunction. Prior thereto, defendant entered into a conspiracy with certain individuals, as a consequence whereof they gave false testimony to the effect that plaintiffs in alleged violation of the injunction rebuilt defendant's patented machines. Plaintiffs were found guilty of contempt and a fine of $2,000 was imposed by an order of the United States District Court, Southern District of New York, which confirmed the report of the special master who heard the testimony. In default of payment of the fine, plaintiff, Grossman, was committed to jail. Upon appeal, the United States Circuit Court of Appeals reversed the order of the District Court and dismissed the contempt proceeding, thus wholly terminating the matter in favor of the plaintiffs. It is averred that the contempt proceeding was initiated without probable cause and by malice and with the sole design of eliminating plaintiffs as competitors. By reason of these facts, it is asserted, plaintiffs suffered loss and damage in their trade and business and incurred considerable expense for legal

services; plaintiff Grossman was incarcerated for a period of two weeks as aforesaid and plaintiffs were otherwise damaged.

We are of the opinion that the acts alleged in paragraph twelfth of the complaint hereinbefore quoted together with those appearing in the " damage clause " state a good cause of action for unfair trade competition.

The spreading of false, misleading and dishonest statements to the customers of a business competitor for the purpose of injuring the latter in its business and deceiving its customers, is an unfair method of competition. If the plaintiffs are able to establish such facts at a trial, they may be entitled to recover damages suffered in consequence thereof. Actions of like character for unfair competition have been repeatedly upheld by our courts. (*Walters* v. *Clairemont Sterilized Egg Co.*, 242 N. Y. 521; *Old Investors & Traders Corp.* v. *Jenkins*, 133 Misc. 213; affd., 225 App. Div. 860; *Zenie* v. *Miskend*, 245 id. 634; affd., 270 N. Y. 636; *Buffalo Lubricating Oil Co.* v. *Standard Oil Co. of N. Y.*, 42 Hun, 153; affd., 106 N. Y. 669. Cf. Nims on Unfair Competition and Trade-Marks [3d ed.], §§ 1, 178.)

We are also of the view that there is stated in the complaint a sufficient cause of action for malicious prosecution, at least in favor of plaintiff Grossman.

The complaint shows that this defendant obtained a judgment for injunctive relief against these plaintiffs in the United States District Court; that defendant, without probable cause, for alleged violation of the injunction, maliciously commenced a contempt proceeding against the individual plaintiffs, which, because of the false testimony of defendant and his witnesses, resulted in an adjudication of contempt and the imposition of a fine against both individual plaintiffs and the arrest of Grossman; that thereafter upon appeal the proceeding was dismissed by the United States Circuit Court of Appeals. (Cf. *Judelshon* v. *Black*, 64 F. [2d] 116.)

While the institution of an ordinary civil action or proceeding, no matter how unfounded, vexatious or malicious it may be, does not give rise to an action for malicious prosecution, the rule is otherwise where, as here, there has been some interference with the person or property of the defendant in connection with the bringing or conduct of the civil action or proceeding. The law is well settled that if a person brings a civil action against another maliciously and without probable cause, which terminates favorably to the defendant, and an order of arrest is procured under which the defendant is arrested, or if, by virtue of a writ of replevin, warrant of attachment, injunction or other provisional remedy

issued therein, his person or property is taken or interfered with, the defendant may maintain an action for malicious prosecution against the plaintiff to recover the damages sustained by him. (*Burt* v. *Smith*, 181 N. Y. 1, 5, 6, 7; *Willard* v. *Holmes, Booth & Haydens*, 142 id. 492; *Palmer* v. *Foley*, 71 id. 106, 109; *Marks* v. *Townsend*, 97 id. 590, 597; *Fulton* v. *Ingalls*, 165 App. Div. 323, 326; affd., 214 N. Y. 665; *Sachs* v. *Weinstein*, 208 App. Div. 360, 365, 366; *Paul* v. *Fargo*, 84 id. 9, 11.) Our courts have sustained a recovery of damages by a plaintiff in an action for malicious prosecution of a civil proceeding for contempt, which resulted in an order of commitment under which plaintiff was imprisoned, where the order was obtained under false affidavits (*Mesnier* v. *Denike*, 82 App. Div. 404); so, too, an unfounded proceeding to punish for a criminal contempt of court has been held to be a proper basis for a malicious prosecution action. (*Sebring* v. *Van Aken*, 235 App. Div. 420.)

We conclude, accordingly, that the complaint states a cause of action in favor of plaintiffs and against defendant for unfair competition, and that it also sets forth a cause of action for malicious prosecution.

It may not be a simple matter for plaintiffs to elicit proof necessary to sustain their causes of action. Whether plaintiffs will ultimately succeed in recovering a judgment is immaterial. They are entitled at least to a full opportunity to present all available evidence in support of the causes of action alleged in their complaint. In the circumstances here the trial court should not have dismissed the complaint after the opening of plaintiffs to the jury, but plaintiffs should have been permitted to adduce their proof.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.