(No. 51583

BANK OF LYONS, Appellant, v. MARY SCHULTZ, Appellee.

*Opinion filed January 23, 1980.*

John J. Voortman, Wayne S. Gilmartin, and Peter V. Baugher, of Schiff, Hardin & Waite, of Chicago, for appellant.

David R. Jordan, of Oak Park, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The plaintiff, Mary Schultz, brought an action in October 1975 in the circuit court of Cook County against the Bank of Lyons for malicious prosecution for damages allegedly sustained as a result of two suits filed against her by the bank, both of which were decided in her favor. The trial court dismissed her complaint and the appellate

court reversed. (66 Ill. App. 3d 698.) We granted the bank's petition for leave to appeal.

The plaintiff's claim of malicious prosecution by the bank is founded upon the following events. In April of 1962 the bank filed a creditor's suit against the plaintiff and her late husband, Alvin Schultz, who died during the pendency of that suit. As the beneficiary of his life insurance policies the plaintiff was to receive $61,533.27. The bank filed a suit in equity in June 1963 petitioning for an accounting and for an injunction to restrain distribution of the insurance proceeds to the plaintiff. The trial court issued a preliminary injunction enjoining the insurance companies from making payments to the plaintiff and ordering that the funds be deposited with the clerk of the circuit court. The trial court, however, following the recommendation of a master in chancery to whom the matter was referred, dissolved the injunction on July 2, 1963, and dismissed the complaint in equity. The plaintiff was also granted leave to file a suggestion of her damages on account of the injunction's issuance as provided for in section 12 of the Injunction Act (Ill. Rev. Stat. 1963, ch. 69, par. 12). She was subsequently awarded $2,369.67 on her suggestion of damages to cover interest she would have earned on the insurance proceeds held by the clerk of the court, attorneys' fees and costs.

Seventeen days after the injunction was dissolved, the bank was given leave to amend the complaint in its pending creditor's suit by adding a second count, and in it the bank again prayed for an accounting and for a preliminary injunction prohibiting distribution of the insurance proceeds. A preliminary injunction was entered on July 19, but almost two years later, on September 24, 1965, the court dismissed the second count, stating that the injunction had been wrongfully issued. The court also dissolved this injunction and ordered the clerk of the court to release to the plaintiff those insurance proceeds in excess of $30,000. The plaintiff was also given

leave to file a suggestion of damages under section 12.

In November of 1965 the bank, with leave of court, filed another count to its creditor's suit. This third count alleged conversion and unlawful withholding of funds based on claims that the bank had been induced to issue cashier's checks to Alvin Schultz without consideration and that the bank had erroneously credited the plaintiff's account in the amount of $10,200. A master in chancery found, however, that the bank failed to prove a *prima facie* cause of action, and the circuit court, following the recommendation of the master, dismissed this third count. This was in September 1969.

The court also ordered the release of the balance of the insurance proceeds to the plaintiff. The bank appealed, and the appellate court remanded to the trial court to determine whether the plaintiff was a holder in due course. (*Bank of Lyons v. Schultz* (1971), 1 Ill. App. 3d 495.) On remand the trial court found the plaintiff was a holder in due course and again dismissed the third count.

On June 21, 1972, the trial court dismissed count I of the bank's creditor's suit because of a failure to allege fraud. No appeal was taken by the bank. On August 1, 1972, the plaintiff filed her second suggestion of damages pursuant to the September 1965 order and, on March 6, 1973, was awarded a total of $24,103.52, representing unearned interest on the proceeds of insurance, attorneys' fees and costs. Upon the bank's appeal, the appellate court affirmed. *Bank of Lyons v. Schultz* (1974), 22 Ill. App. 3d 410.

Plaintiff filed this suit for malicious prosecution in October 1975, claiming $49,848.13 in compensatory damages for the forfeiture of her interest in a house which she had owned jointly with her late husband, Alvin Schultz, which interest was foreclosed, she alleged, as a result of the injunction which prevented her from using the insurance proceeds to make mortgage payments. She also claimed $300,000 in punitive damages.

It appears that the plaintiff's complaint for malicious prosecution was dismissed by the trial court on the ground that the damages claimed should have been requested when she filed her second statutory suggestion of damages, and that recovery was barred under the doctrine of *res judicata,* and, further, because she failed to allege an arrest of her person, seizure of property, or some other special injury. The appellate court, in reversing, held that the wrongful issuance of the preliminary injunction constituted a seizure of property for purposes of establishing a cause of action for malicious prosecution and that the plaintiff's claim for compensatory and punitive damages was not barred by the doctrine of *res judicata.*

In this jurisdiction a plaintiff, in a suit for malicious prosecution founded on the defendant's wrongful bringing of a civil suit, must show that the suit he claims was wrongfully filed was terminated in his favor. He must also prove that it was brought maliciously and without probable cause and, further, he must establish evidence of his arrest, the seizure of his property, or some other special injury which exceeds the usual expense and annoyance and inconvenience of defending a lawsuit. *Schwartz v. Schwartz* (1937), 366 Ill. 247; *Smith v. Michigan Buggy Co.* (1898), 175 Ill. 619.

The first question here, in determining if there is a cause of action for malicious prosecution, is whether the wrongful issuance of an injunction may constitute a seizure of property or other special injury.

We do not have decisions which specifically hold that the issuance of a preliminary injunction, as here, satisfies the requirement that there must have been a seizure of property or special injury, but a number of decisions have referred to the nature of that special injury or grievance. For example, after declaring that it was necessary for a plaintiff to prove that he had incurred some special damage to support his suit for malicious prosecution this court, in *Schwartz v. Schwartz* (1937), 366 Ill. 247, 252,

stated that "[i]t is not claimed that any of the appellant's property was attached or that he was in any way hindered in handling it. *** There is [also] no evidence of special loss to him of any character, over and above the ordinary expense and trouble attendant upon the defense of an ordinary civil suit ***." In *Alswang v. Clayborn* (1976), 40 Ill. App. 3d 147, 150, it was said that "[w]ithin this context [of an action for malicious prosecution], 'special injury' generally means a deprivation of liberty or an interference with property."

Clearly as a result of the preliminary injunctions the plaintiff was prevented from using the insurance proceeds for a period of more than nine years. There have been holdings in jurisdictions, which have the same requirements for malicious prosecution as we do, to the effect that an injunction may constitute a sufficient interference with property for purposes of bringing a malicious prosecution suit. In *Black v. Judelsohn* (1937), 251 App. Div. 559, 562-63, 296 N.Y.S. 860, 865, the court stated:

"While the institution of an ordinary civil action or proceeding, no matter how unfounded, vexatious or malicious it may be, does not give rise to an action for malicious prosecution, the rule is otherwise where, as here, there has been some interference with the person or property of the defendant in connection with the bringing or conduct of the civil action or proceeding. The law is well settled that if a person brings a civil action against another maliciously and without probable cause, which terminates favorably to the defendant, and an order of arrest is procured under which the defendant is arrested, or if, by virtue of a writ of replevin, warrant of attachment, injunction or other provisional remedy issued therein, his person or property is taken or interfered with, the defendant may maintain an action for malicious prosecution against the plaintiff to

recover the damages sustained by him."

For the proposition that an injunction may constitute a sufficient interference with property or a special injury see also *Shute v. Shute* (1920), 180 N.C. 386, 104 S.E. 764; 1 Harper & James, Torts sec. 4.8 (1956); Prosser, Torts sec. 120 (4th ed. 1971); Restatement (Second) of Torts sec. 677, comment *c*, at 465 (1977).

We are not persuaded by the bank's contention that there must be an actual seizure of property, as opposed to an interference with it, before a cause of action for malicious prosecution can arise. There obviously can be harm from interference with one's property. In principle the harm may be the same in both cases. Even in jurisdictions which appear to focus on whether there has been a seizure of property rather than an interference, there have been holdings that events resembling those here amounted to seizures. For example, in *Multiple Realty, Inc. v. Walker* (1969), 119 Ga. App. 393, 167 S.E.2d 380, the court determined there had been a seizure where the plaintiff's funds were held in the registry of the court and not released until a writ of attachment was dissolved. In *Balsiger v. American Steel & Supply Co.* (1969), 254 Or. 204, 458 P.2d 932, it was held that though there had been no actual seizure, causing a petition for bankruptcy to be filed constituted interference with the debtor's property so as to satisfy the requirement of a seizure. See also *Carnation Lumber Co. v. McKenney* (1960), 224 Or. 541, 356 P.2d 932.

Here injunctions were issued during the pendency of the suit filed by the bank in 1962 restraining the distribution of over $60,000 to the plaintiff, $30,000 of which was not released until 1973, more than nine years after her husband's death. This constituted an interference with the plaintiff's property interests sufficient to satisfy the requirement of a seizure or special injury in bringing an action for malicious prosecution.

We do not consider there is merit to the bank's conten-

tion that the plaintiff could have claimed damages for the loss of her house under section 12 of the Injunction Act, and that, as she did not do so, her claim for malicious prosecution is barred under the doctrine of *res judicata.* It is clear that the damages recoverable under section 12 are limited to damages actually suffered during the life or pendency of the injunction. (*Leonard v. Pearce* (1933), 271 Ill. App. 428, 447; *Chicago Title & Trust Co. v. City of Chicago* (1904), 209 Ill. 172.) The plaintiff in her complaint for malicious prosecution sets out that her statutory right to redeem following the foreclosure did not expire until after the second injunction obtained by the bank had been dissolved and, assuming for this discussion that damages of this character could be recovered under section 12, she could not claim under that section, as she did not sustain this loss during the pendency of the injunction. Too, as we have observed, to have a cause of action for malicious prosecution, the suit which was wrongfully brought must have been determined in favor of the plaintiff. At the time the second injunction obtained by the bank had been dissolved, and when the plaintiff filed her second suggestion of damages, no cause of action for malicious prosecution could have arisen because the litigation brought against her by the bank had not yet been concluded in her favor.

For the reasons given, the judgment of the appellate court is affirmed and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

*Affirmed and remanded.*