SIXTH DIVISION
June 22, 2007

No. 1-05-1717

| | | |
|---|---|---|
| JACK V. RODRIQUEZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF FINANCIAL AND | ) | |
| PROFESSIONAL REGULATION, Division | ) | |
| of Professional Regulation, | ) | Honorable |
| | ) | Richard A. Siebel, |
| Defendant-Appellee. | ) | Judge Presiding |

JUSTICE McNULTY delivered the opinion of the court:

In June 2003 the Department of Financial and Professional Regulation charged Dr. Jack Rodriquez with improper treatment of a patient and with failure to document adequately that patient's medical condition.  In discovery Rodriquez sought to depose five persons the Department listed as potential witnesses.  The Department refused to issue subpoenas for discovery depositions.

Rodriquez then brought this lawsuit for a judgment declaring that section 2105-105 of the Department of Professional Regulation Law (Department Law) (20 ILCS 2105/2105-105 (West 2004)) gave Rodriquez a right to issuance of the subpoenas.  The trial court dismissed the lawsuit.  Rodriquez now appeals.

The Department argues that section 2105-150 of the Department Law (20 ILCS 2105/2105-150 (West 2004)) makes section 2105-105 inapplicable to the proceedings on the charges against Rodriquez. Section 2105-150 of the Department Law provides:

"Notwithstanding any of the provisions of Section 2105-5, 2105-15, 2105-100, *2105-105*, 2105-110, 2105-115, 2105-120, 2105-125, 2105-175, 2105-200, or 2105-325 of this Law, for violations of Section 22 of the Medical Practice Act of 1987 [(the Act) 225 ILCS 60/1 *et seq.* (West 2004)], the Department shall suspend, revoke, place on probationary status, or take other disciplinary action as it deems proper with regard to licenses issued under that Act only in accordance with Sections 7 and 36 through 46 of that Act."  (Emphasis added.) 20 ILCS 2105/2105-150 (West 2004).

In the underlying case the Department charges Rodriquez with violations of section 22 of the Act.  Thus, section 2105-150 applies to the charges against Rodriquez.  Section 2105-150 establishes that the Department shall take disciplinary action against Rodriquez only in accordance with the specified sections of the Act, notwithstanding any provisions of section 2105-105 of the Department Law.

In his brief on appeal Rodriquez suggests five reasons for finding that the Department retains the subpoena powers of section 2105-105 for the proceedings on the charges against him: (1) waiver, (2) past Department practice, (3) our decision in Sharma v. Zollar, 265 Ill. App. 3d 1022 (1994), (4) limitation of

1-05-1717

section 2105-150 solely to disciplinary actions, and (5) a proposed harmonization of section 2105-150 with section 2105-105. In a motion filed a week before oral argument, Rodriquez added an argument asking us to declare section 2105-150 invalid. We denied the untimely motion without prejudice to Rodriquez's right to raise the issue in a separate proceeding.

First Rodriquez argues that the Department waived the argument concerning section 2105-150 by failing to raise it in the trial court. We may affirm the trial court's decision on any basis that finds adequate support in the record. City of Chicago v. Holland, 206 Ill. 2d 480, 492 (2003). As the Department's argument relies solely on the interpretation of statutes, and not at all on any facts, we choose to address the argument on its merits.

Next, Rodriquez points to the subpoenas the Department issued him in this case. He argues that sections 36 through 46 of the Act include no authorization for such pretrial subpoenas. Thus, the Department in this case (and, according to Rodriquez's counsel, in numerous past cases) exercised powers beyond those permitted under the Department's interpretation of section 2105-150. Rodriquez's argument shows only that the Department may have misconstrued its powers in the past.

Rodriquez does not expressly argue that the Department's

-3-

past practice estops it from denying his request for subpoenas. If he had made such an argument, it would have failed because he could not show detrimental reliance on the Department's past practice. See Baldwin v. Wolff, 294 Ill. App. 3d 373, 378 (1998). Rodriquez claims that he responded to a subpoena when the Department interviewed him, but the subpoena does not appear in the record. The Department answers that it interviewed Rodriquez pursuant to its investigatory powers under section 36 of the Act. 225 ILCS 60/36 (West 2004). The response to such an investigation does not show detrimental reliance on the Department's past use of its subpoena power.

The Department actually issued some of the subpoenas Rodriquez sought, and he benefitted from those subpoenas by gaining access to information otherwise unavailable. Without any detrimental reliance, the Department's past practice provides no grounds for ignoring the express directive of section 2105-150.

Next, Rodriquez contends that this court, in Sharma, 265 Ill. App. 3d at 1030-31, decided that the predecessor of section 2105-105 applied to proceedings on alleged violations of section 22 of the Act. However, in that case neither party directed our attention to the predecessor of section 2105-150 and we had no occasion to discuss the effect of that statute on the Department's procedures. See Ill. Rev. Stat. 1987, ch. 127, par.

1-05-1717

60m.

Rodriquez suggests that section 2105-150 of the Department Law limits only the kinds of disciplinary dispositions the Department can make in cases under the Act, and that it has no effect on the procedures for reaching those dispositions. The proposed interpretation makes most of the specifications in section 2105-150 meaningless. The section lists several procedural sections and expressly states that those sections do not apply to cases under the Act. Sections 2105-105, 2105-110, 2105-115, and 2105-120, all specifically rendered inapplicable to cases under the Act, pertain strictly to Department procedures for attendance of witnesses, administration of oaths, and preparation of transcripts and reports. Under Rodriquez's proposed interpretation of section 2105-150, the reference in that section to section 2105-105, 2105-110, 2105-115 and 2105-120 has no meaning. We presume that the legislature intended some consequence to follow from the express reference to section 2105-105 in section 2105-150. See McNamee v. Federated Equipment & Supply Co., 181 Ill. 2d 415, 423 (1998).

Section 2105-150 also specifies several purely procedural sections of the Act that, according to section 2105-150, govern cases brought under the Act. See 225 ILCS 60/38, 39, 45 (West 2004). Rodriquez's proposed interpretation would read the

-5-

1-05-1717

specifications of those sections out of section 2105-150.

Rodriquez presents the specter of a parade of horrible consequences that will follow if the Department applies section 2105-150 of the Department Law, and stops using, in proceedings under the Act, the sections of the Department Law enumerated in section 2105-150. For example, he claims that without section 2105-105 of the Department Law (20 ILCS 2105/2105-105 (West 2004)), the Department will lack authority to "take evidence *** [or] administer oaths *** at hearing." Section 38 expressly provides the power to administer oaths and take evidence in proceedings on alleged violations of section 22 of the Act. 225 ILCS 60/38 (West 2004). Rodriquez claims that without section 2105-115 of the Department Law (20 ILCS 2105/2105-115 (West 2004)), the Department will lack "authority to use stenographers at hearing for the purpose of creating a record." Section 39 of the Act, expressly referenced in section 2105-150 of the Department Law, requires the Department to provide a stenographer for all proceedings for violations of the Act. 225 ILCS 60/39 (West 2004).

Rodriquez also claims that without section 2105-120 (20 ILCS 2105/2105-120 (West 2004)), the Disciplinary Board will lack authority to make findings and recommendations, but section 40 of the Act establishes just such authority. 225 ILCS 60/40 (West

2004). Rodriquez argues that without section 2105-125 (20 ILCS 2105/2105-125 (West 2004)), the Department will lack authority to restore licenses, but section 43 of the Act provides exactly that authority. 225 ILCS 60/43 (West 2004). A detailed comparison of the Act with the sections rendered inapplicable under section 2105-150 demonstrates the legislature's intention to restrict all proceedings on complaints under section 22 of the Act to the procedures established in the Act.

Finally, Rodriquez contends that we should harmonize section 2105-105 of the Department Law with section 2105-150 by finding that the Department has all the subpoena powers granted by section 38 of the Act as well as all of the subpoena powers granted by section 2105-105. The proposal does not seem to reconcile the sections as much as it nullifies the specification in section 2105-150 that the Department shall act on these charges only in accordance with the subpoena powers granted in section 38 of the Act.

Because section 2105-150 of the Department Law expressly makes section 2105-105 of the Department Law inapplicable to the proceedings under the Act against Rodriquez, the Department has for this case only the subpoena powers listed in section 38 of the Act and not the broader powers provided in section 2105-105 of the Department Law. Section 38 of the Act does not authorize

-7-

1-05-1717

the subpoenas for discovery depositions that Rodriquez seeks in his action for a declaratory judgment. See Smith v. Department of Registration & Education, 170 Ill. App. 3d 40, 44-45 (1988). Accordingly we affirm the judgment dismissing Rodriquez's complaint.

Affirmed.

FITZGERALD SMITH, P.J., and O'MALLEY, J., concur.