# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Rodriquez v. Department of Financial & Professional Regulation*, 2011 IL App (1st) 102775

---

| | |
|---|---|
| Appellate Court Caption | JACK V. RODRIQUEZ, Plaintiff-Appellant, v. THE DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, Division of Professional Regulation, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-10-2775 |
| Filed | December 27, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings arising from the closure without prejudice of a complaint filed by the Department of Financial and Professional Regulation alleging that plaintiff violated the Medical Practice Act, the entry of summary judgment for the Department in plaintiff's complaint seeking his litigation expenses incurred in his successful intervening action to declare that section 1110.220 of the Department's rules was invalid was reversed on the ground that plaintiff's complaint was not barred by *res judicata* based on the closure of the Department's initial complaint, and the cause was remanded for a determination of his reasonable litigation expenses. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-L-50717; the Hon. Sanjay T. Tailor, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded. |

Counsel on Appeal

Stephen Roth and Nancy J. Brent, both of Wilmette, for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Carl J. Elitz, Assistant Attorney General, of counsel), for appellee.

Panel

PRESIDING JUSTICE QUINN delivered the judgment of the court, with opinion.

Justices Garcia and Lampkin concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff Jack V. Rodriquez, M.D., appeals the circuit court's grant of summary judgment against him and in favor of defendant the Illinois Department of Financial Regulation, Division of Professional Regulation (Department). We reverse in part and affirm in part.[1]

¶ 2    In 2003, the Department filed a complaint against plaintiff under the Department's rules for contested cases in administrative hearings (Rules) (68 Ill. Adm. Code 1110 *et seq.* (2011)). The Department alleged plaintiff violated section 22 of the Medical Practice Act of 1987 (225 ILCS 60/22 (West 2002)) by improperly using electroconvulsive therapy. The parties agreed to stay the proceedings while plaintiff pursued the following two circuit court actions relating to the discovery and evidence rules found in actions brought under the Rules.

¶ 3    In 2004, plaintiff filed suit, seeking an order compelling the issuance of deposition subpoenas for several witnesses relevant to his defense. Plaintiff argued that sections 2105-15 and 2105-105 of the Civil Administrative Code of Illinois (Code) (20 ILCS 2105/2105-15, 2105-105 (West 2004)), defendant's enabling statute, mandated their issuance. The circuit court denied plaintiff's request and he appealed. We affirmed on appeal, holding that section 2105-105 of the Code did not apply to proceedings brought under the Medical Practice Act and plaintiff was not entitled to the subpoenas he sought. *Rodriquez v. Department of Financial & Professional Regulation*, 374 Ill. App. 3d 270, 870 N.E.2d 1029 (2007).

¶ 4    In 2005, plaintiff filed a second complaint, seeking declaratory and injunctive relief. Plaintiff argued that section 1110.220 of the Rules was invalid because it conflicted with the Department's enabling statute. The court granted summary judgment for plaintiff, finding that section 1110.220 was void because it conflicted with the enabling statute as plaintiff

_____

[1]Justice Robert Cahill participated in the oral argument in this case. Justice Cahill died on December 4, 2011. Justice Patrick J. Quinn read the briefs, reviewed the record and listened to oral arguments online.

contended. The Department filed a motion for relief from judgment under section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2004). The court granted that motion and vacated the earlier order invalidating section 1110.220 of the Rules. On appeal, we reversed and reinstated the court's original order declaring the section invalid. We held that the trial court had improperly granted the section 2-1401 motion. *Rodriquez v. Illinois Department of Financial & Professional Regulation*, No. 1-06-0236 (2007) (unpublished order under Supreme Court Rule 23) (*Rodriquez II*).

¶ 5   On January 16, 2008, plaintiff participated in a settlement meeting with the Department to discuss his charges. On April 18, 2008, the Department informed plaintiff in a letter that it "determined that no violation of the Medical Practice Act of 1987 ha[d] occurred" and "ordered th[e] file closed." The letter also said "that the file concerning these allegations is confidential and will not be made available for public inspection." Plaintiff tried to persuade the Department to "withdraw" the complaint against him, but the Department insisted that the case was "closed." The Department refused to dismiss the case with prejudice "in keeping with the long-standing practice of the Medical Disciplinary Board to close without prejudice."

¶ 6   On July 16, 2008, plaintiff filed his third complaint, which is the subject of this appeal. In that action plaintiff sought litigation expenses under section 10-55(c) of the Illinois Administrative Procedure Act (Act) (5 ILCS 100/10-55(c) (West 2008)) for invalidating section 1110.220 of the Rules in the trial court's action based on the second complaint.

¶ 7   On October 7, 2008, plaintiff amended his complaint to add count II, contending that the Department had improperly closed the case against him.

¶ 8   The Department filed a motion to dismiss plaintiff's complaint, asserting *res judicata* and arguing that the order in the second action had not invalidated section 1110.220. The court denied the motion.

¶ 9   The parties moved for summary judgment on September 10, 2009.

¶ 10   On October 29, 2009, plaintiff filed a motion to amend his complaint to add two additional counts. Count III sought a declaration that section 2105-150 of the Code (20 ILCS 2105/2105-150 (West 2008)) was invalid, and count IV sought a declaration that several of the Department's Rules were inapplicable to cases involving physicians or are void.

¶ 11   On August 25, 2010, the Department's motion for summary judgment was granted, and plaintiff's motion to add counts III and IV was denied as moot. The court said that plaintiff's claim for litigation expenses was barred by *res judicata* because the transaction that gave rise to declaratory and injunctive relief in the second suit also gave rise to his claim for litigation expenses. The court found count II of plaintiff's complaint waived because there was no difference between the case being closed or withdrawn and plaintiff was estopped from complaining where he had initiated the settlement meeting with the Department and asked the Department to informally resolve his case. The court found plaintiff's request to add counts III and IV moot because there was "no further controversy remaining between the parties."

¶ 12   On appeal, plaintiff first contends that the court erred when it held that *res judicata* barred his petition for attorney fees under section 10-55(c) of the Act (5 ILCS 100/10-55(c)

(West 2008)) and section 2-701(c) of the Code of Civil Procedure (735 ILCS 5/2-701(c) (West 2010)).

¶ 13 We review the trial court's grant of summary judgment *de novo*. *Lazenby v. Mark's Construction, Inc.*, 236 Ill. 2d 83, 93, 923 N.E.2d 735 (2010). Summary judgment is proper if, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions and affidavits on file show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2010). We may affirm the trial court on any basis contained in the record, regardless of whether the trial court relied on that basis or whether the trial court's reasoning was correct. *Alpha School Bus Co. v. Wagner*, 391 Ill. App. 3d 722, 734, 910 N.E.2d 1134 (2009). For the reasons that follow, we believe that section 10-55(c) of the Act allows for a plaintiff to bring an independent action to recover litigation expenses incurred while invalidating an administrative rule.

¶ 14 Section 10-55(c) of the Act provides:

"In *any case* in which a party has any administrative rule invalidated by a court for any reason *** the court shall award the party bringing the action the reasonable expenses of the litigation, including reasonable attorney[ ] fees." (Emphasis added.) 5 ILCS 100/10-55(c) (West 2010).

¶ 15 The primary rule of statutory construction is to ascertain and give effect to the intention of the legislature. *People v. Woodard*, 175 Ill. 2d 435, 443, 677 N.E.2d 935 (1997). "Where an enactment is clear and unambiguous, the court is not free to depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express [citations], nor is it necessary for the court to search for any subtle or not readily apparent intention of the legislature [citations]." *Woodard*, 175 Ill. 2d at 443. If the language of a statute is clear and unambiguous, it will be given effect without resort to other aids for construction. *Woodard*, 175 Ill. 2d at 443.

¶ 16 Based on the plain language of section 10-55(c), we find plaintiff was entitled to bring his action for litigation expenses as a separate cause of action under section 10-55(c) of the Act after this court invalidated section 1110.220 of the Rules. There is no time limit contained in section 10-55(c) limiting a plaintiff's right to bring an action for such expenses. If the legislature wanted to impose a time limit, it could easily have said so. See, *e.g.*, *People v. Rokita*, 316 Ill. App. 3d 292, 303, 736 N.E.2d 205 (2000) (absence of time limit in statute indicates a lack of legislative intent to impose a time limit for filing a motion for forensic testing). There is also nothing in the statute to suggest that the action must be brought simultaneously with the underlying litigation seeking to invalidate an agency rule. See *Djikas v. Grafft*, 344 Ill. App. 3d 1, 13-14, 799 N.E.2d 887 (2003) ("an application for fees and costs may be brought at any time where it is outside the issues in the underlying judgment and the statute sets no time limit for seeking the expenses" (*Town of Libertyville v. Bank of Waukegan*, 152 Ill. App. 3d 1066, 1073, 504 N.E.2d 1305 (1987))).

¶ 17 We believe plaintiff's complaint for litigation expenses was properly brought as a collateral proceeding to the underlying litigation. See *People ex rel. A.M. v. Herlinda M.*, 221 Ill. App. 3d 957, 964, 583 N.E.2d 36 (1991) ("fee requests are generally collateral or

incidental to the principal action"). Plaintiff's claim for litigation expenses did not ripen until either the circuit court or the appellate court invalidated section 1110.220 of the Rules. A judgment in favor of a party seeking to declare an administrative rule invalid is a condition precedent to seeking litigation expenses. If a party expends the time and legal costs to invalidate an administrative rule, that party is entitled to seek litigation expenses as a separate cause of action. In considering the application of section 10-55(c), our supreme court has suggested a liberal reading of the statute:

> "The purpose of the fee-shifting provisions of section 10-55(c) of the [Act] is to discourage enforcement of invalid rules and give those subject to regulation an incentive to oppose doubtful rules where compliance would otherwise be less costly than litigation. [Citations.] ***
>
> ***
>
> *** If you are a party who has brought *any* case and you succeed in that case in having *any* administrative rule invalidated by a court for *any* reason, you are entitled to recover all of your reasonable litigation expenses, including attorney fees. [Citation.]
>
> It is difficult to see how any law could be more straightforward or less encumbered by qualification or restriction." (Emphases in original.) *Citizens Organizing Project v. Department of Natural Resources*, 189 Ill. 2d 593, 598-99, 727 N.E.2d 195 (2000).

¶ 18    We foresee little detrimental impact on judicial efficiency with our result. In determining whether to grant a party's request for litigation costs, the trial court needs to only: (1) look at whether or not an agency rule was invalidated and (2) award the party bringing the action the "reasonable expenses of the litigation." 5 ILCS 100/10-55(c) (West 2010).

¶ 19    We agree with plaintiff that *res judicata* does not bar his claim because the operative fact giving rise to his claim for litigation costs did not accrue until the regulation was declared invalid by the trial court or until we reversed and reinstated the court's original order in *Rodriquez II*, declaring section 1110.220 of the Rules invalid. See, *e.g.*, *Bank of Lyons v. Schultz*, 78 Ill. 2d 235, 242, 399 N.E.2d 1286 (1980) (*res judicata* did not bar a plaintiff's claim for malicious prosecution because no action for that claim could have arisen until a favorable judgment was obtained in the plaintiff's favor in the underlying suit); *City of Chicago v. Midland Smelting Co.*, 385 Ill. App. 3d 945, 960, 896 N.E.2d 364 (2008) (*res judicata* did not apply because the ordinance giving rise to the case at hand was an additional fact that did not exist at the time of the initial lawsuit). We disagree with the circuit court's statement "[t]hat the regulation had not yet been declared invalid does not mean that [plaintiff's] claim for attorney fees constitutes a separate cause of action under the transactional test." As stated above, the complaint seeking fees was collateral to the underlying action invalidating the administrative rule.

¶ 20    We find *Libertyville* supports our holding. The plaintiff there filed suit against the defendant for condemnation. The case was dismissed, and the plaintiff unsuccessfully appealed. The defendant then sought attorney fees under section 7-123(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, ¶ 7-123). The circuit court dismissed the claim, asserting that it lacked jurisdiction. On appeal, the appellate court reversed, finding that the defendant was entitled to bring the petition for fees because the circuit court retained

jurisdiction "to determine matters collateral or incidental to the judgement." *Libertyville*, 152 Ill. App. 3d at 1072. This court compared the defendant's petition for attorney fees to one under section 2-611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, ¶ 7-123). This court cited authority holding that the circuit court does not lose jurisdiction to entertain such petitions following the filing of a notice of appeal from the judgment on the underlying suit "where it is brought as a separate action after the judgment disposing of the initial claim." *Libertyville*, 152 Ill. App. 3d at 1073. This court then reasoned that "attorney fees and costs were sought pursuant to section 7-123(a) and application could not be made thereunder *until final judgment* in the condemnation suit. The application for these fees and costs lies outside the issues in the underlying judgment and *there is no time set* in section 7-123(a) for seeking these expenses. Moreover, a litigant may wish either to wait until the appeal process ends before filing an application or to proceed at a time after the judgment is entered." (Emphasis added.) *Libertyville*, 152 Ill. App. 3d at 1073.

¶ 21     We find *Libertyville* persuasive and believe that the court's analysis there applies equally here. As in *Libertyville*, section 10-55(c) contains no time limitation for seeking expenses, the application for litigation costs lies outside the underlying litigation and success in the underlying case was a condition precedent to plaintiff obtaining expenses. Like the defendant in *Libertyville*, the circuit court rejected plaintiff's request to declare an administrative rule invalid, so plaintiff had to wait until this court invalidated section 1110.220 and the appeal process was complete before bringing his action for attorney fees. See also *Djikas*, 344 Ill. App. 3d at 11-12 (relief based on rights previously determined may be claimed and obtained following the entry of a final and appealable order because the relief requested is not directed against the original judgment but is incidental to that judgment).

¶ 22     None of the cases filed by the Department hold that a plaintiff is barred from filing a claim for attorney fees under section 10-55(c) of the Act as an independent cause of action after the underlying case in which an administrative rule has been declared invalid is resolved. For this reason we find them unpersuasive.

¶ 23     Next, plaintiff contends the court erred in denying his motion to supplement his petition with proposed counts III and IV. The Department informed plaintiff that it "determined that no violation of the Medical Practice Act of 1987 ha[d] occurred" and "ordered th[e] file closed." We affirm the trial court's ruling on this claim because these issues are moot as there are no administrative charges pending against plaintiff and no remaining controversy between the parties. See *La Salle National Bank, N.A. v. City of Lake Forest*, 297 Ill. App. 3d 36, 43, 696 N.E.2d 1222 (1998).

¶ 24     Finally, plaintiff contends that the court erred in granting summary judgment on count II in favor of the Department. We affirm the trial court's dismissal of count II because it was plaintiff's action in initiating the settlement meetings with the Department that led the Department to informally close its files, and the Department affirmatively represented that the complaint against plaintiff "cannot and will not be revived." See *Wisconsin Right to Life, Inc. v. Schober*, 366 F.3d 485, 491 (7th Cir. 2004) (the defendant's assurances evidenced by letter that the plaintiff would not be prosecuted made the issue moot, as there was no behavior to enjoin).

¶ 25    We reverse the circuit court's finding that plaintiff's complaint for attorney fees was barred under *res judicata*. We remand this cause to the circuit court for a determination of plaintiff's reasonable litigation expenses. We affirm the circuit court in all other respects.

¶ 26    Affirmed in part and reversed in part; cause remanded.